IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| | ) Criminal No. 1:03-cr-400 |
| v. | ) ) ) |
| FELIPE VALERIO PLASENCIA, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Emergency Motion for Compassionate Release for Extraordinary and Compelling Circumstances pursuant to 18 U.S.C. § 3582(c)(1)(A).

In November of 2003, Defendant, Felipe Valerio Plasencia, pleaded guilty to multiple felonies. One count Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), one count Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), and one count Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). On February 6, 2004, this Court sentenced Defendant to 300 months in prison and a three-year term of supervised release. Defendant has now served a little more than seventeen years of his sentence, but still has more than five years remaining before his expected release date.

1

As required by statute, Defendant exhausted his administrative remedies prior to bringing his motion to this Court. Defendant first made a request for compassionate release to the Warden at Moshannon Valley Correctional Institute. The Warden denied this request on May 13, 2020. This process satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement and Defendant's Motion for Compassionate Release is properly before this Court.

The Court finds that Defendant has not provided any "extraordinary and compelling reasons" that justify a term reduction under 18 U.S.C. § 3582(c)(1)(A). To show that COVID-19 presents a sufficient justification for release, defendants must prove (1) a "particularized susceptibility" to COVID-19, and (2) a "particularized risk" of contracting COVID-19. United States v. White, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting United States v. Feiling, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)). The Defendant bears the burden of proving both elements. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49. 56-57 (2005). In this case, the Defendant fails to meet this burden.

First, the Defendant has failed to prove that he is particularly susceptible to the dangers of COVID-19. The Defendant is sixty-one years old with a history of hypertension, hepatitis C, and fluctuating blood pressure. He also currently

has conditions that place him at greater risk of suffering a heart attack. Without more, these conditions do not support a finding that the Defendant is particularly susceptible to COVID-19.

The CDC keeps a running list of conditions which place persons at an increased risk of severe illness from COVID-19. Defendant's age places him in a greater risk category than younger individuals, but the CDC states that the greatest risks are posed to those aged eighty-five or higher. See Centers for Disease Control and Prevention, "People Who Are at Higher Risk of Severe Illness," http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (Last updated June 25, 2020). Considering the significantly lower risk to persons who are fifty-eight to sixty-four years old, Defendant's age does not make him particularly susceptible to hospitalization upon infection.

Defendant's other conditions also do not show that COVID-19 would pose a particular danger to Defendant. Defendant's risk of a heart attack does not qualify under the CDC guidelines as a serious heart condition. Other heart conditions, such as heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension create a greater likelihood of hospitalization. See "Centers for Disease Control and Prevention, "Coronavirus Disease 2019: People with Certain

3

Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Last updated Aug. 14, 2020). Risk factors of cardiac arrest do not fall into this category, so this condition cannot be used to support a finding of particularized susceptibility.

Defendant does suffer from a history of hypertension (which is high blood pressure and should be distinguished from pulmonary hypertension which is high blood pressure in the lungs). This condition, along with Defendant's Hepatitis C, could possibly lead to negative effects if he were to contract COVID-19. However, the CDC includes hypertension and Hepatitis C only as conditions that "might" put Defendant at an "increased risk for severe illness from COVID-19[.]" Id. Even though it is possible that these conditions could place Defendant at a greater risk of severe illness if he contracted COVID-19, the CDC does not provide concrete support that these conditions make Defendant particularly susceptible.

Furthermore, the record shows that Defendant's conditions have been managed while at Moshannon. He regularly takes medication for each of his conditions and they are being controlled. Nothing indicates that these conditions have worsened over the course of Defendant's incarceration at Moshannon. The successful management of Defendant's health conditions and the lack of clear CDC statements showing that

4

these conditions make the Defendant particularly susceptible to COVID-19 cut against a finding that Defendant has demonstrated extraordinary and compelling reasons that justify his release.

Second, even if Defendant had offered sufficient evidence to prove a particularized susceptibility, Defendant has not shown that his current incarceration at Moshannon creates a "particularized risk" that he will contract COVID-19. Moshannon currently has zero inmates testing positive for COVID-19. Additionally, Moshannon is implementing the Bureau of Prisons' modified operations plan which attempts to reduce the amount of contact between inmates and isolate any inmates who show symptoms consistent with COVID-19. Defendant argues that the lack of testing at Moshannon is the only reason the number of positive cases is still zero. However, Defendant has not provided any evidence of cases within the facility. This Court cannot make a finding of particularized risk based on pure speculation.

Even if the number of cases at Moshannon is greater than zero, the record does not support a finding that Defendant's release plan provides any additional protection against contracting the virus. Defendant would be released to either Queens, New York or the Dominican Republic. Both of these locations have several thousand confirmed COVID-19 cases. Release to either location would pose a similar risk to any

5

speculative number of cases at Moshannon. The Court finds no basis to assume that the Defendant is less likely to contract COVID-19 following the release plan than he is to contract the virus while incarcerated at Moshannon. Speculation about the safety of one area versus another cannot be used to demonstrate extraordinary and compelling reasons that justify release. See United States v. White, 2020 WL 3442171, at *6 (E.D. Va. June 23, 2020).

Beyond the general dangers of living in close quarters, the Defendant has not shown that his current incarceration creates a particularized risk that he will contract COVID-19.

Even if Defendant could show a particularized susceptibility to the virus and a particularized risk of contracting the virus at Moshannon, the statutory sentencing factors weigh against granting the Defendant's motion for compassionate release. Compassionate release is an extraordinary remedy and is only appropriate when a defendant does not pose a danger to the community. U.S.S.G 1B1.13(2).

Defendant was convicted of multiple serious felonies. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c); 18 U.S.C. § 922(g)(1). Defendant entered this jurisdiction possessing multiple narcotics, including over eighty-six grams of cocaine which he intended to distribute. Defendant also brought a firearm with him which he could not legally own based on his illegal

6

immigration to the United States and his past felony convictions. These acts, combined with Defendant's status as a career offender, counsel against granting Defendant's request for compassionate release.

Based on the statutory sentencing factors, this Court finds that the Defendant poses a danger to the community. Releasing Defendant now when he still has multiple years left on his prison sentence would not serve Congress's goals of deterrence and public safety.

For the foregoing reasons, the Court finds that Defendant has not provided extraordinary or compelling reasons for compassionate release as required by 18 U.S.C. § 3582(c)(1)(A)(i). An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 18, 2020